UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHARON E. ZOCHERT,

    Plaintiff,

v.

RBC CAPITAL MARKETS CORP.

    Defendant.

Civil 11-603 (MJD/JSM)

**REPORT AND RECOMMENDATION**

    Plaintiff commenced this action by filing a complaint and an application for leave to proceed in forma pauperis, ("IFP"). The Court examined Plaintiff's IFP application, and determined that she had not adequately demonstrated that she is indigent and unable to pay the filing fee prescribed by 28 U.S.C. § 1914(a). The IFP application was therefore denied. (See Order dated March 21, 2011; [Docket No. 4].)

    The order denying Plaintiff's IFP application informed her that she could still prosecute this action, as a NON-IFP litigant, if she paid the statutory filing fee within 20 days. Plaintiff was advised that if she did not pay the full filing fee within the time allowed, the Court would recommend that this action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b). The deadline for paying the filing fee that was set by the Court's prior order has now expired, and Plaintiff has not paid the required fee.

    Plaintiff recently filed an untitled document in which she asserts that she is unable to pay the $350 filing fee for this case. (Docket No. 5.) However, that document does not shed any new light on Plaintiff's financial circumstances that could change the Court's previous assessment of her eligibility for IFP status. In light of Plaintiff's income, the Court still cannot conclude that she is indigent and eligible for IFP status. Moreover, Plaintiff's submission does not include any request for reconsideration of her eligibility for IFP status.

To the contrary, Plaintiff has candidly acknowledged that she does not intend to pay the statutory filing fee, so this action "should probably be dismissed."

Therefore, it is now recommended, in accordance with the Court's prior order, that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 20, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 4, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.